MacDONALD RUDY O'NEILL & YAMAUCHI, LLP

RALPH J. O'NEILL                4705-0
ralphoneill@macdonaldrudy.com
GLENN R. PENDLETON          11239-0
1001 Bishop Street, Suite 2800
Honolulu, Hawaii 96813
Telephone: (808) 523-3080
Facsimile: (808) 523-0759

Attorneys for Defendant
INDUSTRIAL VACUUM
EQUIPMENT CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ASHLEY COOPER,<br><br>               Plaintiff,<br><br>   vs.<br><br>PACIFIC INDUSTRIAL EQUIPMENT CORP., a Wisconsin For-Profit Corporation,<br><br>               Defendant. | Civil No. CV 24-00354-WRP<br><br>**DEFENDANT PACIFIC INDUSTRIAL EQUIPMENT CORP.'S ANSWER TO COMPLAINT; CERTIFICATE OF SERVICE** |

**DEFENDANT PACIFIC INDUSTRIAL EQUIPMENT CORP.'S
ANSWER TO COMPLAINT**

Defendant PACIFIC INDUSTRIAL EQUIPMENT CORP.'s ("PIEC"), by and through its attorneys, MacDonald Rudy O'Neill & Yamauchi, LLP, answers Plaintiff's Complaint (the "Complaint"), filed on August 20, 2024, as follows.

1.    PIEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1.

2.    PIEC admits the allegation in paragraphs 2, 3, and 5.

3. PIEC denies the allegations in paragraph 4.

4. PIEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 6.

## COUNT I
### (Strict Product Liability against PACIFIC INDUSTRIAL)

5. PIEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 7 through 10, 15, 18, 19, and 21 through 23.

6. The allegations in paragraph 11 consist of legal conclusions to which no response is required. If they require a response, PIEC lacks sufficient information to form a belief as to their truth or falsity.

7. PIEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 12.

8. PIEC admits the allegations in paragraphs 13 and 14.

9. PIEC denies the allegations in paragraphs 16, 17, and 20.

## COUNT II
### (Negligence against PACIFIC INDUSTRIAL)

10. In response to the allegations in paragraph 24, PIEC restates and incorporates by reference its answers to paragraphs 1 through 23 of the Complaint as though fully set forth herein.

11. PIEC denies the allegations in paragraphs 25 through 28.

///

12. PIEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 29 through 31.

## COUNT III
### (Punitive Damages against PACIFIC INDUSTRIAL)

13. In response to the allegations in paragraph 32, PIEC restates and incorporates by reference its answers to paragraphs 1 through 31 of the Complaint as though fully set forth herein.

14. PIEC denies the allegations in paragraphs 33 and 34.

15. PIEC denies any allegations in the Complaint to which it has not otherwise responded.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. The Complaint fails to state a claim against PIEC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17. The applicable statutes of limitation bar the claims against PIEC.

### THIRD AFFIRMATIVE DEFENSE

18. Any damages sustained by Plaintiff were caused in whole or in part, or were contributed to, by her negligence, fault, or want of care.

///

///

## FOURTH AFFIRMATIVE DEFENSE

19. Any damages or injuries sustained by Plaintiff must be reduced by the amount attributable to her comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

20. Plaintiff had actual knowledge or notice of any alleged dangerous condition or activity and realized and appreciated the potential for injury or death as a result of such alleged condition or activity; and, having a reasonable opportunity to avoid danger, consciously and voluntarily exposed herself to same.

## SIXTH AFFIRMATIVE DEFENSE

21. The alleged dangerous condition or activity, if any, was obvious to Plaintiff and should have been observed by her in the ordinary use of her senses.

## SEVENTH AFFIRMATIVE DEFENSE

22. The primary duty rule bars Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

23. The claims against PIEC may be barred due to spoliation of evidence or the failure to preserve properly evidence necessary to the determination of the claim.

## NINTH AFFIRMATIVE DEFENSE

24. Any injuries or damages sustained by Plaintiff were proximately

///

caused by persons or entities over which PIEC had no control and for whose acts or omissions PIEC is not liable.

## TENTH AFFIRMATIVE DEFENSE

25.     Any damages or injuries sustained by Plaintiff were caused or contributed to by superseding and intervening causal factors.

## ELEVENTH AFFIRMATIVE DEFENSE

26.     Plaintiff's employer was a sophisticated user of the products alleged to have caused Plaintiff's injuries and had an affirmative duty to warn its employees, including Plaintiff, of any alleged potential harmful effects from the use or misuse of such products, and, if such employer failed to discharge such duty, such failure constituted the legal cause of any injuries, illnesses, diseases, or damages alleged by Plaintiff, and thus PIEC had no duty to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

27.     If PIEC supplied the products at issue, it provided them to a learned intermediary, which was sophisticated in the use of such products, and thus PIEC had no duty to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.     The unforeseeable misuse of the products, if any, that PIEC supplied bars any claims against it.

## FOURTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims may be barred because the physical harm complained of was the result of a modification, alteration, or misuse of the products at issue made by a person after delivery to the initial purchaser, which modification, alteration, or misuse was the proximate cause of the damages complained of by Plaintiff, and such modification, alteration, or misuse was not reasonably expected or foreseeable by PIEC.

## FIFTEENTH AFFIRMATIVE DEFENSE

30. Any damages or injuries sustained by Plaintiff were not proximately caused by any act or omission of PIEC.

## SIXTEENTH AFFIRMATIVE DEFENSE

31. Any injuries or damages sustained by Plaintiff were not reasonably foreseeable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

32. PIEC fully discharged its duties to Plaintiff by warning of dangerous conditions or activities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

33. The applicable provisions of the Uniform Commercial Code bar the claims against PIEC.

### NINETEENTH AFFIRMATIVE DEFENSE

34. The failure to provide timely or proper notice to PIEC of any alleged breach of warranty bars the claims against it.

### TWENTIETH AFFIRMATIVE DEFENSE

35. The terms of the applicable contract, if any, bar or limit the claims against PIEC.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

36. The terms of any applicable warranty bar Plaintiff' claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

37. The products that allegedly caused injuries or damage to Plaintiff were reasonably fit for their intended uses.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

38. The claims against PIEC are barred by lack of privity of contract.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

39. The claims against PIEC are barred by Plaintiff's failure to plead or prove condition precedent for PIEC's alleged duties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

40. The claims against PIEC are barred by material breach of contract.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

41. PIEC owed no duty to Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42. If PIEC distributed the involved product, the company sold it in compliance with the applicable statutes, regulations, standards, "state of the art," or specifications established by municipal, state, or federal law or industry standards.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

43. Plaintiff has failed to join indispensable parties or real parties in interest necessary for the just adjudication of this matter.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

44. Plaintiff has failed to mitigate her damages and, therefore, may not recover damages to the extent of her failure to fulfill her duty to do so.

### THIRTIETH AFFIRMATIVE DEFENSE

45. PIEC asserts that Plaintiff's' claims for punitive damages are barred on the basis that punitive damages would be unconstitutional, such as, for instance and without limitation, as violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 and 12, of the Hawaii State Constitution, by punishing through arbitrary and vague standards or with insufficient notice in amounts constituting excessive fines, and in denial of equal protection under the law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

46. Plaintiff's claim for punitive damages would be Constitutionally

defective as an *ex post facto* law prohibited by the United States Constitution, Article I, Section 10. In making any such punitive damages award, the factfinder would be effectively criminalizing conduct after it has occurred and without appropriate advance notice to a defendant that such conduct may be subject to criminal punishment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

47. Plaintiff's claim for punitive damages is barred in whole or in part by the due process or other applicable clauses of the state and federal constitutions.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

48. The Complaint does not allege facts sufficient to entitle Plaintiff to an award of punitive damages against PIEC.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff's exclusive remedy is under the Longshore and Harbor Workers Compensation Act or state workers' compensation laws.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

50. PIEC serves notice that it intends to rely upon any other matter constituting avoidance or an affirmative defense as provided in Rule 8(c), *Federal Rules of Civil Procedure*.

WHEREFORE, Defendant PACIFIC INDUSTRIAL EQUIPMENT CORP. prays as follows, that:

1.  Plaintiff's Complaint be dismissed with prejudice;

2.  Defendant be awarded its costs and attorneys' fees;

3.  The Court award such other and further relief as it deems just and equitable in the circumstances.

DATED: Honolulu, Hawaii, September 10, 2024.

/s/ *Ralph J. O'Neill*
RALPH J. O'NEILL
GLENN R. PENDLETON
Attorneys for Defendant
PACIFIC INDUSTRIAL EQUIPMENT CORP.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ASHLEY COOPER,<br><br>  Plaintiff,<br><br>vs.<br><br>PACIFIC INDUSTRIAL EQUIPMENT CORP., a Wisconsin For-Profit Corporation,<br><br>  Defendant. | Civil No. CV 24-00354-WRP<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct file-stamped copy of the foregoing document was served on the following via ECF on the date indicated below.

| **Attorney** | **Email** |
|---|---|
| MICHAEL R. CRUISE<br>Leavitt Yamane & Soldner<br>737 Bishop Street, Suite 1740<br>Honolulu, Hawaii 96813<br>**Attorneys for Plaintiff**<br>**ASHLEY COOPER** | cruise@lyslaw.com |

DATED: Honolulu, Hawaii, September 10, 2024.

/s/ *Ralph J. O'Neill*
RALPH J. O'NEILL
GLENN R. PENDLETON
Attorneys for Defendant
PACIFIC INDUSTRIAL EQUIPMENT CORP.